IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   03-cv-02462-WYD-PAC

BOBBY L. PADILLA,

    Plaintiff(s),

v.

SAN LUIS CENTRAL RAILROAD COMPANY,

    Defendant(s).

_____

**DISCOVERY ORDER**
_____

**Patricia A. Coan, Magistrate Judge**

Discovery in this putative FELA case began with the Scheduling Conference on March 8, 2004, with deadlines set for completion of pretrial discovery matters in December 2004 and a final pretrial conference on January 7, 2005.  The final pretrial conference is currently set for December 14, 2005, nearly a year after the original setting.  Plaintiff now moves, fourteen months after the discovery deadline of October 1, 2004, to reopen discovery to take defendant's expert's deposition and to extend the discovery deadline to April 28, 2006,  "as to all types, forms of discovery because this is respectfully a case that is still evolving factually."  See Pl. Motion, ¶8.  Defendant does not oppose plaintiff's taking Dr. Roth's deposition, but objects to generally reopening discovery.

I.

Rule 16(b), Fed. R. Civ.P.  requires good cause for the extension of any pretrial

03-cv-02462-WYD-PAC
November 15, 2005

deadlines.  Good cause is required to amend a scheduling order under Rule 16(b), Fed. R. Civ.P.  The "good cause" required includes a showing that the party seeking the extension was diligent in his discovery efforts yet could not complete discovery by the court-ordered deadline. *See SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir.1990); *Pumpco, Inc. v. Schenker Intern., Inc.*, 204 F.R.D. 667, 668-69 (D.Colo.2001)("[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief"). *Id.* (quotation omitted); *Hannah v. Roadway Exp., Inc.*, 200 F.R.D. 651, 653 (D.Colo.2001).  As Magistrate Judge Boland has explained,

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, this court may 'modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension.' Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

*Pumpco*, 204 F.R.D. at 668 (internal citations omitted).

II.

A general statement of counsel that discovery should be reopened fourteen months after it has closed because the case is still "evolving factually" does  not constitute  good cause.  Instead, I find that plaintiff's counsel has not acted diligently in this case and now appears to want to reopen discovery to prepare the case for trial.  Trial is set to begin June 26, 2006.  I cannot find that, despite his best efforts, plaintiff's

03-cv-02462-WYD-PAC
November 15, 2005

counsel was unable to complete discovery in the time frame allowed because he has not given me any explanation.  He also has not given me any reason for his delay of fourteen months in requesting that discovery be reopened.  There is thus no showing of "good cause" to reopen discovery now and allow general discovery for five months.  Plaintiff should however, be given the opportunity to depose defendant's expert, Dr. Roth, because Dr. Roth was unable to perform his IME on plaintiff until September 17, 2005, and presumably, did not provide his 40 page report until some time thereafter.  Those circumstances constitute "good cause" with respect to the Roth deposition.

III.

Accordingly, for the reasons stated, it is

**ORDERED** that Plaintiff's Motion to Reopen All Discovery, Doc. # 59, filed November 14, 2005,  is **granted in part and denied in part**.  It is further

**ORDERED** that Plaintiff is permitted to take Dr. Roth's deposition no later than **December 31, 2005**, and discovery is reopened for that limited purpose.  It is further

**ORDERED** that any further relief plaintiff requested in his motion is denied.  It is further

**ORDERED** that the final pretrial conference now set for December 14, 2005 is **vacated** and **reset** to **February 3, 2006 at 10:00 a.m.** in courtroom A-501.  The proposed final pretrial order is to be submitted no later than January 30, 2006.  It is

03-cv-02462-WYD-PAC
November 15, 2005

further

    **ORDERED** that any Rule 702 motions concerning Dr. Roth or any other expert are to be filed no later than **February 17, 2006**.

    Finally, plaintiff's counsel is directed to the Court's Electronic Filing Procedures, § V.L., for the submission of proposed orders.

    Dated this 15th day of November 2005.

> By the Court:
> s/Patricia A. Coan
> Patricia A. Coan
> Magistrate Judge